UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EUGENE N. MORRISON,<br>#1029340 | )<br>) | |
| Plaintiff, | )<br>) | 3:10-cv-0284-LRH-VPC |
| vs. | )<br>) | |
| BRUCE BANNISTER, *et al.*, | )<br>) | **ORDER** |
| Defendants. | ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Northern Nevada Correctional Center ("NNCC") has sued the State of Nevada, Nevada Department of Corrections ("NDOC") Medical Director Bannister, NDOC Utilization Review Committee ("URC") members (all doctors) Marsha Johns, David Mumford, David

1  Mar, Francisco Sanchez, NNCC doctors Karen Gedney, Veronica Brooks,[1] medical supervisor John
2  Keast, orthopedic specialist Dr. Long, High Desert State Prison ("HDSP") doctors Gramm, Aranas
3  Romeo, Astrada, HDSP medical supervisor John Doe, and HDSP orthopedic specialist Dr. Wolff.
4  Plaintiff alleges that while at both HDSP and NNCC defendants were deliberately indifferent to his
5  serious medical needs by failing to provide him with adequate treatment, including adequate pain
6  medication, for his broken wrist, in violation of his Eighth Amendment rights.

7  As an initial matter, while plaintiff names the State of Nevada as a defendant, states are not
8  persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997);
9  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131
10 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath*
11 *v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  Section 1983 claims against states,
12 therefore, are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded
13 by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).
14 Accordingly, all claims against the State of Nevada are dismissed with prejudice.  The State of Nevada
15 is dismissed from this action.

16 With respect to the remaining defendants, plaintiff contends that they have been deliberately
17 indifferent to his medical needs in violation of the Eighth Amendment.  Plaintiff asserts that he has or
18 had a broken left wrist,[2] but that defendants gave him only a wrist brace and ibuprofen.  He claims that
19 he suffers from severe, chronic pain daily.  According to plaintiff, he has grieved this issue and written
20 to members of the Utilization Review Committee without "adequate" result.

21 The Eighth Amendment prohibits the imposition of cruel and unusual punishments and
22 "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*
23 *v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not
24 constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate
25 indifference to serious medical needs." *Id.* at 106.  The "deliberate indifference" standard involves an

---

[1] The court is unsure of plaintiff's handwriting, but this defendant appears to be identified as "Dr. Veronica Brooks."

[2] It appears from the complaint that plaintiff claims his wrist was broken as of January 12, 2009.

3

1 objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

4

While plaintiff's claims may implicate his Eighth Amendment rights, plaintiff fails to identify what specific actions each of the numerous defendants took and how each defendant allegedly violated his constitutional rights. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff has failed to link the named defendants with some affirmative act or omission, plaintiff's complaint must be dismissed. However, because plaintiff's allegations may implicate his Eighth Amendment rights, he may amend his complaint.

Accordingly, plaintiff has leave to file an amended complaint. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files

1  an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an
2  amended complaint, as in an original complaint, each claim and the involvement of each defendant must
3  be sufficiently alleged.

4  **III. Conclusion**

5  **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*
6  (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required
7  to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C.
8  § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to
9  maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of
10 security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of
11 subpoenas at government expense.

12 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner
13 Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the
14 United States District Court, District of Nevada, 20% of the preceding month's deposits to the account
15 of Eugene N. Morrison, **Inmate No. 1029340** (in months that the account exceeds $10.00) until the full
16 $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention
17 of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011,
18 Carson City, NV 89702.

19 **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
20 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
21 Prisoner Litigation Reform Act of 1996.

22 **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-1).

23 **IT IS FURTHER ORDERED** that all claims against the State of Nevada are dismissed with
24 prejudice. The State of Nevada is **DISMISSED** from this action.

25 **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO**
26 **AMEND**.

27 **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this
28 Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The

amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-CV-00284-LRH-VPC**, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 20th day of July, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE